UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. COOPER<br>Plaintiff,<br>v.<br>COUNTY OF FRESNO, et al.,<br>Defendants. | No. 1:26-cv-05698-JLT-EPG<br>SCREENING ORDER<br>ORDER FOR PLAINTIFF TO:<br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br>(2) NOTIFY THE COURT THAT SHE WISHES TO STAND ON HER COMPLAINT<br>(ECF NO. 1)<br>THIRTY-DAY DEADLINE |

Plaintiff Brian L. Cooper is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the complaint commencing this action on July 22, 2026. (ECF No. 1). Plaintiff's complaint is 52 pages long with and additional document titled "Exhibits" that is 97 pages long. (*Id.* and ECF No. 6) Plaintiff generally alleges that his home was fraudulently locked out of this home via an ex-parte order from law enforcement and an individual who is presumably his current/former spouse (ECF No. 1 at 5). Plaintiff's complaint largely seeks to overturn orders made in state court.

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. If Plaintiff chooses to file an amended complaint, it must be **no longer than twenty pages**, including exhibits.

Plaintiff can also notify the Court that he wants to stand on his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff filed his complaint on July 22, 2026 (ECF No. 1). Plaintiff's complaint is 52 pages long with an additional 97 pages filed as a separate document titled "Exhibits" (*Id.* and ECF No. 6). Plaintiff's complaint asserts 4 causes of action, including violations of 42 U.S.C. § 1983 for procedural due process under the Fourteenth Amendment; equal protection and substantive due process under the Fourteenth Amendment; unreasonable seizure under the Fourth Amendment; and violations of the Americans with Disabilities Act. (ECF No. 1 at 5). Plaintiff brings these claims against defendants County of Fresno, Stephanie Cooper, and DOES 1-50. (*Id.* at 1).

Plaintiff's complaint presents the following factual allegations. He states that during the underlying state action[1], he submitted evidence of financial and domestic abuse committed by defendant Stephanie Cooper, including "theft of over $150,000 in corporate and personal funds—including $40,000 stolen directly from corporate payroll."(*Id.* at 2). He claims the state court improperly refused to adjudicate his petitions. (*Id.*).

Plaintiff represents that during a pending mortgage foreclosure sale set to occur on April 30, 2026, defendant Stephanie Cooper and her counsel submitted ex parte applications alleging an emergency based on the mortgage foreclosure sale. (*Id.*). Plaintiff states he paid $40,000 of personal and business funds to "cure the HELOC default in full" and eliminated the foreclosure

[1] Superior Court of California, County of Fresno case number 22CEFL05210.

risk. (*Id.*) Plaintiff then states the foreclosure was the result of defendant Stephanie Cooper's refusal to sign a modification to the HELOC loan months before the sale. (*Id.*). Plaintiff alleges that "Defendants intentionally concealed this proof from the court and maintained false emergency filings to dispossess Plaintiff." (*Id.*)

Next, Plaintiff states that defendant Stephanie Cooper fraudulently obtained ex-parte orders stating Plaintiff had barricaded himself inside the home, which caused a three-hour SWAT standoff, whereas Plaintiff states Clovis Police Department logs verify no SWAT standoff ever occurred. (*Id.* at 3). Plaintiff claims he only received notice of the orders by physical postings on his door by Fresno County Sheriff department. (*Id.*). Plaintiff states he submitted emergency ex-parte filings to the court, but they were "repeatedly dropped or removed from the court calendar without notice or hearing." (*Id.*).

Plaintiff claims there was a "short cause" trial and the assigned trial judge stopped proceedings after twenty minutes and only allowed defendant Stephanie Cooper to present evidence. (*Id.*). The judge allegedly declared a mistrial and ordered Plaintiff to allow defendant Stephanie Cooper to proceed with the sale of the home. (*Id.*).

Next, Plaintiff claims he was only provided twenty-four hours' notice of a pre-trial zoom hearing. (*Id.* at 4). Plaintiff states he logged into the designated court portal and sat in a virtual waiting room but was never admitted to the hearing and as a result Plaintiff was deemed a failure to appear, leading to dispossession orders for the property being "fast-tracked."

Finally, Plaintiff states on July 7, 2026, Fresno County Sheriff's Office executed an unconstitutional lockout to oust Plaintiff from the home. Subsequently, complete disposal and permeant destruction of all Plaintiff's personal belongings was scheduled. (*Id.*).

Plaintiff seeks: (1) an emergency restraining order and preliminary injunction enjoining Defendants from selling, destroy, moving, or disposing of Plaintiffs property and business and corporate records located at the home; (2) an order to restore personal possession of the home pending a trial; (3) compensatory, statutory and punitive damages; (4) and reasonable costs and attorney fees. (*Id.* at 5).

Attached to his complaint and in a separate filing, Plaintiff provides numerous exhibits,

ranging from state court filings, checks made out from Plaintiff, as well as various email correspondence Plaintiff had with unknown parties.

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

### a. No Short and Plain Statement

Plaintiff's complaint is subject to dismissal under Rule 8 of the Federal Rule of Civil Procedure because it does not contain a short and plain statement of any claim.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a)

dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

Finally, a complaint should not be pled in a "shotgun" manner, which occurs when

> [A] party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024).

With these standards in mind, Plaintiff's complaint fails to comply with Rule 8. Plaintiff's complaint fails to provide a short and plain statement as to why he is entitled to relief against each defendant for each claim. Each claim is a single sentence description, which states in a conclusory manner that defendants are liable for the claim, such as "Defendants, acting under color of state law, deprived Plaintiff of protected real and personal property interests without Due Process by enforcing ex parte orders generated by an unconstitutionally biased tribunal…" (ECF No. 1 at 5) Statements such as these are merely a "[t]hreadbare recitals of the elements of a cause of action" and is "… supported by mere conclusory statements…" *Ashcroft* 556 U.S. at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). These claims do not describe the underlying facts that give rise to each claim. Nor do they explain what each defendant did or failed to do that supports each claim. Moreover, even if Plaintiff provided a description of the underlying facts, the description he provided is argumentative and conclusory.

Furthermore, Plaintiff's complaint is pled in a "shotgun" manner. The complaint is arranged in chronological order recounting his mortgage foreclosure sale, the proceedings resulting from attempting to prevent such a sale, and the allegedly unconstitutional entry and dispossession of the real property. Additionally, Plaintiff's allegations incorporate all the factual allegations and groups all defendants together when seeking relief.

In conclusion, Plaintiff's complaint fails to comply with Rule 8 as it does not contain a short and plain statement of the claims as required.

**b. Improper defendants**

Plaintiff's complaint also does not state any claims for violation of his constitutional rights

because he does not name defendants who are liable under 42 U.S.C. § 1983. If Plaintiff wishes to sue someone for constitutional rights violations, the complaint must name a specific person that violated those rights under color of law, or a city or county that had an official policy or established custom that violated those rights.

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Under this statute, Plaintiff must name a person as a defendant. "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Jay v. Med. Dep't of Fresno Cnty. Jail*, No. 1:10-CV-00685-GBC PC, 2011 WL 3875523, at *4 (E.D. Cal. Sept. 1, 2011). However, "municipal departments and sub-units of local governments are not generally

considered ‘persons’ within the meaning of Section 1983.” *Id.* (collecting cases dismissing correctional facilities and law enforcement departments as improper defendants under § 1983). Likewise, “[s]tate agencies . . . are not ‘persons’ within the meaning of § 1983, and are therefore not amenable to suit under that statute.” *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

For this reason, Fresno County and by extension, Fresno County Sheriff’s Office are not proper Defendants under § 1983. *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at *2 (E.D. Cal. Mar. 15, 2023) (“Turning to plaintiff’s claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983.”); *Spears v. El Dorado Cnty. Superior Ct.*, No. 2:17-CV-2202-MCE-EFB P, 2019 WL 698202, at *1 (E.D. Cal. Feb. 20, 2019) (“A state court is not a ‘person’ for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute.”) (citation omitted); *Morris v. State Bar of California,* No. CV F 09-0026-LJO-GSA, 2010 WL 4977677, at *2 (E.D. Cal. Dec. 2, 2010) (“The Fresno County District Attorney’s office is a ‘sub-unit’ of the County of Fresno and is not a person under § 1983.”).

There is a limited exception to this rule for cities and counties, such as Fresno County, if a Plaintiff alleges facts showing that they caused a violation of Plaintiff’s rights due to an official policy or established custom. Specifically, “[m]unicipalities and other local governmental units are ‘persons’ subject to suit under § 1983, but to prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must also show that his or her injury is attributable ‘to official municipal policy of some nature.’” *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788, 793 (9th Cir. 2016) (quoting *Monell*, 436 U.S. 658, 691 (1978)). To state a claim for municipal liability, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; “(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff’s constitutional right; and (4) that the policy is the moving force behind the constitutional violation.” *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted). A *Monell* claim can proceed under three theories: “(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policy-making authority

ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cty.*, No. C 12–1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citation omitted).

However, Plaintiff's complaint does not list any specific persons associated with these entities as defendants. It also does not claim that Fresno County had an official policy or established custom that led to the deprivation of Plaintiff's rights.

Furthermore, Plaintiff attempts to bring claims under 42 U.S.C § 1983 against a private citizen, Stephanie Cooper. As the text makes clear, § 1983 protects against acts attributed to a state actor, not those of a private person. "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. 42 U.S.C § 1983. (emphasis added).

Thus, as alleged against these defendants, Plaintiff has failed to state any constitutional claims.

**c. Improper Challenge to States Proceedings and Orders**

Plaintiff's claims are also subject to dismissal to the extent they seek to challenge state proceedings and orders.

There are various legal doctrines that generally prevent parties from challenging state court orders through federal cases, rather than the state appellate review process.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions and reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

The *Younger* abstention doctrine is rooted in the "desire to permit state courts to try state

cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted). *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Plaintiff's complaint is subject to dismissal under these doctrines because it seeks an order from this court invalidating orders in his state court proceedings. Plaintiff's complaint asserts due process violations in the state court proceedings that, he claims, led to the "unconstitutional seizure of real and personal property." (ECF No. 1 at 5). Similarly, in his request for relief, Plaintiff seeks the Court to "issue an order restoring possession of the real property to Plaintiff," which necessarily requires the Court to review the state court decision. (ECF No 1 at 5).

Thus, Plaintiff's claims are also subject to dismissal because he is improperly seeking an order in this court invalidating state court orders, without appealing those orders through the state appellate process.

## IV. CONCLUSION AND ORDER

The Court has screened the complaint and finds that Plaintiff's Complaint fails to state any cognizable claims and is subject to dismissal.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, Plaintiff is granted leave to file an amended complaint within thirty days. However, any amended complaint must be **no longer than twenty pages**, including exhibits.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," and refer to the appropriate case number.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a First Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on his Complaint.
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to case number 1:26-cv-05698-JLT-EPG.
3. If Plaintiff chooses to file a first amended complaint, that must be **no longer than twenty pages**, including exhibits.
4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **August 3, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE