UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. COOPER,<br>Plaintiff,<br>v.<br>COUNTY OF FRESNO, et al.,<br>Defendants. | Case No. 1:26-cv-05698-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED AND PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF Nos. 10, 11)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

Plaintiff Brian L. Cooper is proceeding *pro se* and *in forma pauperis*. Plaintiff filed the complaint commencing this action on July 22, 2026. (ECF No. 1). Plaintiff generally alleges that he was fraudulently locked out of this home via an ex-parte order requested by an individual who is presumably his current/former spouse, and he seeks to overturn orders made in state court. (ECF No. 1 at 5).

On June 3, 2026, the Court screened Plaintiff's complaint and found that Plaintiff had failed to state any cognizable claims. (ECF No. 9). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that he wishes to stand on his complaint. (*Id.*).

Plaintiff filed a first amended complaint on September 4, 2026, which is now before the Court for screening. (ECF No. 10). Plaintiff's first amended complaint largely repeats the allegations in his original complaint with additional named defendants.

Upon review of the First Amended Complaint, the Court recommends that Plaintiff's first amended complaint should be dismissed with prejudice without further leave to amend.

The Court also recommends denying Plaintiff's motion for preliminary injunction. (ECF No. 11).

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding in forma pauperis, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. BACKGROUND

### a. Plaintiff's Complaint and Screening Order

In his initial complaint, Plaintiff sued the following Defendants: County of Fresno, Stephanie Cooper and Does 1-50. (ECF No. 1 at 1). The complaint also asserted 4 causes of action, including violations of 42 U.S.C. § 1983 for procedural due process under the Fourteenth Amendment; equal protection and substantive due process under the Fourteenth Amendment; unreasonable seizure under the Fourth Amendment; and violations of the Americans with Disabilities Act. (*Id.* at 5).

The Court screened Plaintiff's complaint on August 3, 2026, and found that Plaintiff's complaint failed to state any cognizable claims and was subject to dismissal. (ECF No. 9). The Court provided Plaintiff with leave to file an amended complaint, or to notify the Court that he wishes to stand on his complaint. (*Id.).*

### b. Plaintiff's First Amended Complaint[1]

Plaintiff filed his first amended complaint on September 4, 2026. (ECF No. 10). In the amended complaint, Plaintiff again asserts the same four causes of action for violations of 42 U.S.C. § 1983 for procedural due process under the Fourteenth Amendment; equal protection and substantive due process under the Fourteenth Amendment; unreasonable seizure under the

[1] For readability, minor alterations, like correcting misspellings, have been made to some of Plaintiff's quotations without indicating each change.

Fourth Amendment; and violations of the Americans with Disabilities Act. (*Id.* at 5-6). He brings these claims against the following Defendants: County of Fresno, Fresno County Sheriff's Department, City of Clovis, Clovis Police Department, Superior Court of California, County of Fresno, Stephanie Cooper, Marcus Joy, and ZBS Law, LLP. (*Id.* at 2).

Plaintiff's first amended complaint follows the same recounting of factual allegations as his initial complaint. Specifically, Plaintiff alleges the following:

He states that during the underlying state action[2], he submitted evidence of financial and domestic abuse committed by defendant Stephanie Cooper, including "theft of over $150,000 in corporate and personal funds—including $40,000 stolen directly from corporate payroll." (*Id.* at 3). He claims the state court improperly refused to adjudicate his petitions while "facilitating Defendant Cooper's unfettered access to community and business assets. (*Id.*).

Plaintiff represents that during a pending mortgage foreclosure sale, defendant Stephanie Cooper and her counsel submitted ex-parte applications alleging an emergency based on the mortgage foreclosure sale. (*Id.*). Plaintiff states prior to that date, he repeatedly notified opposing counsel that steps were actively being taken to cure the default. He claims he paid $40,000 of personal and business funds to defendant ZBS Law, LLP, to cure the default, which would eliminate the foreclosure risk. Plaintiff states that despite this knowledge "Defendants intentionally concealed this proof from the court and maintained false emergency filings to dispossess Plaintiff." (*Id.*)

Next Plaintiff claims defendant Cooper fraudulently obtained ex-parte orders stating Plaintiff had barricaded himself inside the home, which caused a three-hour SWAT standoff, whereas Plaintiff states Clovis Police Department logs verify no SWAT standoff ever occurred. (*Id.* at 4). He states he was never provided notice of the ex parte orders and only learned of such orders when physical notices were posted on the door by the Sheriff's Office. (*Id.*).

Plaintiff claims there was a "short cause" trial and the assigned trial judge stopped

---

[2] Superior Court of California, County of Fresno case number 22CEFL05210.

proceedings after twenty minutes and only allowed defendant Stephanie Cooper to present evidence. (*Id*.). Plaintiff further states the assigned judge expressed "explicit bias by stating she did not understand why Plaintiff would not simply agree to sell the home." (*Id.*). Plaintiff also claims that during subsequent proceedings when Plaintiff attempted to present property preservation arguments and to renew his motion for judicial disqualification, the trial judge interrupted Plaintiff and stated on the record, "Mr. Cooper, are you done because I need to sell your house?" (*Id.*)

Next, Plaintiff claims he was only provided twenty-four hours' notice of a pre-trial zoom hearing. (*Id.* at 5). Plaintiff states he logged into the designated court portal and sat in a virtual waiting room but was never admitted to the hearing and as a result Plaintiff was deemed a failure to appear, leading to dispossession orders for the property being "fast-tracked."

Finally, Plaintiff states on July 7, 2026, Fresno County Sheriff's Office executed an unconstitutional lockout to oust Plaintiff from the home. Plaintiff further claims Defendants, along with Larry's Towing, unlawfully seized Plaintiff's commercial work van as well as his daughter's personal vehicle. (*Id.*)

**c. Motion for Temporary Restraining Order and Preliminary Injunction**

On September 4, 2026, Plaintiff filed a "Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 11). The same day, the district judge denied the motion for temporary restraining order and assigned the motion for preliminary to the undersigned. (*Id.*).

## III. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

**a. Lack of Plain and Short Statement**

Plaintiff's amended complaint is subject to dismissal under Rule 8 of the Federal Rule of Civil Procedure because it does not contain a short and plain statement of any claim.

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). The complaint must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

Additionally, complaints that are needlessly long, highly repetitious, or conclusory violate Rule 8 and may be dismissed. *Gibson v. City of Portland,* 165 F.4th 1265, 1289 (9th Cir. 2026) ("district courts do not have to accept such shotgun pleadings. It is not the job of the district courts to make sense of the pleading, to supply facts to support the claim, or to imagine the claims that might fit the facts"); *Cafasso v. Gen. Dynamics C4 Sys, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (*citing McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding a Rule 8(a) dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Rule 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory")).

> Finally, a complaint should not be pled in a "shotgun" manner, which occurs when [A] party indiscriminately incorporates assertions from one count to another, for example, by incorporating all facts or defenses from all previous counts into each successive count ... prevent[ing] the opposing party from reasonably being able to prepare a response or simply mak[ing] the burden of doing so more difficult.

5A *Wright & Miller's Federal Practice and Procedure* § 1326 (4th ed. 2024).

With these standards in mind, Plaintiff's amended complaint fails to comply with Rule 8. Plaintiff's amended complaint fails to provide a short and plain statement as to why he is

entitled to relief against each defendant for each claim. Each claim is a single sentence description, which states in a conclusory manner that defendants are liable for the claim, such as "Defendants, acting under color of state law, deprived Plaintiff of protected real and personal property interests without Due Process by enforcing ex parte orders generated by an unconstitutionally biased tribunal…" (ECF No. 10 at 6) Statements such as these are merely "[t]hreadbare recitals of the elements of a cause of action … supported by mere conclusory statements…" *Ashcroft* 556 U.S. at 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When attempting to support his claims, Plaintiff repeats similar conclusory statements, which do not describe the underlying facts that give rise to each claim. Nor do they explain what each defendant did or failed to do that supports each claim. Moreover, even where Plaintiff provided a description of the underlying facts, the description he provided is argumentative and conclusory.

Furthermore, Plaintiff's amended complaint is pled in a "shotgun" manner. The amended complaint is arranged in chronological order recounting his mortgage foreclosure sale, the proceedings resulting from attempting to prevent such a sale, and the allegedly unconstitutional entry and dispossession of the real property. Additionally, Plaintiff's allegations incorporate all the factual allegations and groups all defendants together when seeking relief.

In conclusion, Plaintiff's amended complaint fails to comply with Rule 8 as it does not contain a short and plain statement of the claims as required and is subject to dismissal.

**b. Improper Defendants**

Plaintiff's amended complaint also does not state any claims for violation of his constitutional rights because he does not name defendants who are liable under 42 U.S.C. § 1983. If a plaintiff wishes to sue someone for constitutional rights violations, the complaint must name a specific person that violated those rights under color of law, or a city or county that had an official policy or established custom that violated those rights.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Under this statute, Plaintiff must name a person as a defendant. "The term 'persons' encompasses state and local officials sued in their individual capacities, private individuals, and entities which act under the color of state law and local governmental entities." *Jay v. Med. Dep't of Fresno Cnty. Jail*, No. 1:10-CV-00685-GBC PC, 2011 WL 3875523, at *4 (E.D. Cal. Sept. 1, 2011). However, "municipal departments and sub-units of local governments are not generally considered 'persons' within the meaning of Section 1983." *Id.* (collecting cases dismissing correctional facilities and law enforcement departments as improper defendants under § 1983). Likewise, "[s]tate agencies . . . are not 'persons' within the meaning of § 1983,

and are therefore not amenable to suit under that statute." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004).

For this reason, Fresno County and by extension, Fresno County Sheriff's Office are not proper Defendants under § 1983. This also applies to the City of Clovis and by extension, the City of Clovis Police Department. *See Gatlin v. Bank of Am.*, No. 2:23-CV-0272-DAD-KJN P, 2023 WL 2529725, at *2 (E.D. Cal. Mar. 15, 2023) ("Turning to plaintiff's claim against defendant Sacramento County Jail, an agency or department of a municipal entity is not a proper defendant under Section 1983."); *Spears v. El Dorado Cnty. Superior Ct.*, No. 2:17-CV-2202-MCE-EFB P, 2019 WL 698202, at *1 (E.D. Cal. Feb. 20, 2019) ("A state court is not a 'person' for purposes of 42 U.S.C. § 1983 and hence is not subject to lawsuit under that statute.") (citation omitted); *Morris v. State Bar of California,* No. CV F 09-0026-LJO-GSA, 2010 WL 4977677, at *2 (E.D. Cal. Dec. 2, 2010) ("The Fresno County District Attorney's office is a 'sub-unit' of the County of Fresno and is not a person under § 1983.").

There is a limited exception to this rule for cities and counties, such as Fresno County or the City of Clovis, if a plaintiff alleges facts showing that they caused a violation of Plaintiff's rights due to an official policy or established custom. Specifically, "[m]unicipalities and other local governmental units are 'persons' subject to suit under § 1983, but to prevail on a claim against a municipal entity for a constitutional violation, a plaintiff must also show that his or her injury is attributable 'to official municipal policy of some nature."' *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788, 793 (9th Cir. 2016) (quoting *Monell*, 436 U.S. 658, 691 (1978)). To state a claim for municipal liability, a plaintiff must allege: (1) that the plaintiff was deprived of a constitutional right; "(2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted). A *Monell* claim can proceed under three theories: "(1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local

government official with final policy-making authority ratifies a subordinate's unconstitutional conduct." *Brown v. Contra Costa Cty.*, No. C 12–1923 PJH, 2014 WL 1347680, at *8 (N.D. Cal. Apr. 3, 2014) (citation omitted).

However, Plaintiff's amended complaint does not list any specific persons associated with these entities as defendants. It also does not claim that Fresno County had an official policy or established custom that led to the deprivation of Plaintiff's rights.

Furthermore, Plaintiff attempts to bring claims under 42 U.S.C § 1983 against private citizens, Stephanie Cooper and Marcus Joy. As the text makes clear, § 1983 protects against acts attributed to a state actor, not those of a private person. 42 U.S.C § 1983 ("[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right."). (emphasis added).

In short, Plaintiff has failed to state any constitutional claims against defendants County of Fresno, Fresno County Sheriff's Department, City of Clovis, Clovis Police Department, Stephanie Cooper, and Marcus Joy.

**c. Improper Challenge to States Proceedings and Orders**

Plaintiff's claims in the amended complaint are also subject to dismissal to the extent they seek to challenge state proceedings and orders.

There are various legal doctrines that generally prevent parties from challenging state court orders through federal cases, rather than the state appellate review process.

Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005). In other words, a federal district court generally does not have authority to review state court decisions and reverse those decisions. The purpose of this doctrine "is to protect state judgments from collateral federal attack. Because [federal] district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe*

*& Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16).

The *Younger* abstention doctrine is rooted in the "desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Thus, "[a]bsent extraordinary circumstances, interests of comity and federalism instruct federal courts to abstain from exercising our jurisdiction in certain circumstances when asked to enjoin ongoing state enforcement proceedings." *Page v. King*, 932 F.3d 898, 901 (9th Cir. 2019) (alterations, citation, and internal quotation marks omitted). *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal quotation marks omitted).

Plaintiff's first amended complaint is subject to dismissal under these doctrines because it seeks an order from this court invalidating orders in his state court proceedings. Plaintiff's complaint asserts due process violations in the state court proceedings that, he claims, led to the "unconstitutional seizure of real and personal property." (ECF No. 10 at 6). Similarly, in his request for relief, Plaintiff seeks the Court to "issue an order restoring possession of the real property to Plaintiff," which necessarily requires the Court to review the state court decision. (*Id.* at 7).

Thus, Plaintiff's claims are also subject to dismissal because he is improperly seeking an order in this court invalidating state court orders, instead of appealing those orders through the state appellate process.

## IV. MOTION FOR PRELIMINARY INJUNCTION

### a. Summary of Motion

On September 4, 2026, Plaintiff filed a renewed ex parte application seeking an emergency temporary restraining order and preliminary injunction. (ECF No. 11). On July 22, 2026, Plaintiff filed a motion for temporary restraining order which the district judge denied on

the same day. (ECF Nos. 2, 4). The assigned district judge denied the instant motion seeking an emergency temporary restraining order on September 9, 2026, stating:

> If petitioner is seeking reconsideration, he has failed to meet the standard for reconsideration. The fact that the Fifth District Court of Appeal denied his writ of mandate is insufficient. As a new filing for the same relief, he fails to identify the procedural basis for such a repeat filing in light of the fact that this action is nearly 50 days old and the injuries he claims to have suffered are 60 days old (Doc. 11 at 2). Thus, the Court finds that plaintiff has not demonstrated his entitlement to a temporary restraining order and has not demonstrated that the motion for a temporary restraining order is timely. Local Rule 231(b). Thus, the renewed motion for a temporary restraining order (Doc. 11) is DENIED.

(*Id.*)

The present motion seeking a preliminary injunction has been assigned to the undersigned for findings and recommendations. (*Id.*) In his renewed motion, Plaintiff alleges there has been a material change in his underlying state action. Specifically, on September 2, 2026, the California Court of Appeals, Fifth District denied his extraordinary writ review. (ECF No. 11). With this denial, Plaintiff states the Court appellate avenues were exhausted, which he argues removes any jurisdictional bar under *Younger.* (*Id.* at 2).

Plaintiff argues his family and he faces irreparable harm as the result of active homelessness and housing displacement following dispossession of his home. (*Id.*). He further argues economic waste resulting from the payment of $40,000 to ZBS Law, LLP to cure the primary mortgage default. (*Id.* at 3). He also argues discrimination and denial of equal access, seizure of his property, severe family trauma and unlawful removal from his home. (*Id.* at 3).

Based on the reasons set forth, the Court recommends denying Plaintiff's motion for preliminary injunction. (ECF No. 11).

**b. Legal Standards**

"A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*,

810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). However, the Court notes that it may weigh a request for a preliminary injunction with a sliding-scale approach. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (noting that sliding-scale approach remains viable after *Winter*). The Ninth Circuit has described this approach as follows:

> Under the *Winter* test, a party is entitled to a preliminary injunction if it demonstrates (1) "that [it] is likely to succeed on the merits," (2) "that [it] is likely to suffer irreparable harm in the absence of preliminary relief," (3) "that the balance of equities tips in [its] favor," and (4) "that an injunction is in the public interest." *Cottrell*, 632 F.3d at 1131 (quoting *Winter*, 555 U.S. at 20, 129 S.Ct. 365). But our court has adopted the "serious questions" test—a "sliding scale" variant of the *Winter* test—under which a party is entitled to a preliminary injunction if it demonstrates (1) "serious questions going to the merits," (2) "a likelihood of irreparable injury," (3) "a balance of hardships that tips sharply towards the plaintiff," and (4) "the injunction is in the public interest." *Id.* at 1135. As to the first factor, the serious questions standard is "a lesser showing than likelihood of success on the merits." *All. for the Wild Rockies v. Pena*, 865 F.3d 1211, 1217 (9th Cir. 2017).

*Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1190 (9th Cir. 2024). Further, under the serious-questions standard, "[s]erious questions need not promise a certainty of success, nor even present a probability of success, but must involve a fair chance of success on the merits." *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988) (citation and internal quotation marks omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter*, 555 U.S. at 24. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held[] and to balance the equities as the litigation moves forward." *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025) (internal citation and quotation marks omitted).

**c. Analysis**

Plaintiff's motion for preliminary injunction fails to meet the standards set forth in *Winter.* Notably, for the reasons described above recommending that Plaintiff's amended complaint be dismissed, Plaintiff is not likely to succeed on the merits.

Regarding Plaintiff's argument that he will suffer irreparable harm, Plaintiff's renewed motion seeks the same relief as his initial motion and his amended complaint repeats the same claims as his initial complaint. These factual allegations stem from a state action that is nearly 50 days old, and the claimed injuries are 60 days old. (ECF No. 11 at 2). In short, Plaintiff has failed to establish and credible threat of immediate and irreparable harm.

Finally, Plaintiff has not demonstrated that the balance of equities tips in his favor, or that an injunction is in public interest.

As such, the Court recommends finding that Plaintiff has not met the substantial burden that he is entitled to a preliminary injunction.

**V. CONCLUSION AND ORDER**

For these reasons, the Court recommends that the First Amended Complaint be dismissed. Moreover, because the Court previously screened Plaintiff's original complaint, provided Plaintiff with relevant legal standards, and provided Plaintiff with an opportunity to amend his complaint, it appears that further leave to amend would be futile.

Additionally, the Court recommends that Plaintiff's renewed motion for preliminary injunction be denied.

Accordingly, IT IS RECOMMENDED that:

1. Plaintiff's first amended complaint (ECF No. 10) be dismissed with prejudice and without further leave to amend.
2. Plaintiff's motion for preliminary injunction (ECF No. 11) be denied.
3. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may

file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 14, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE